1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   2806 Van Ness Avenue
3  San Francisco, CA 94109
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiffs JERRY DORAN
   and DISABILITY RIGHTS
6  ENFORCEMENT, EDUCATION
   SERVICES: HELPING YOU
7  HELP OTHERS

8

9
                 UNITED STATES DISTRICT COURT
10
                NORTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| JERRY DORAN, an individual; and DISABILITY RIGHTS ENFORCEMENT, EDUCATION SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, | **CASE NO. C-03-2427 VRW** |
| Plaintiffs, | **Civil Rights** |
| v. | **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:** |
| ANTIOCH HERITAGE INN; PITAMBER ENTERPRISES; SARDA P. RATANJEE, individually and dba BEST WESTERN HERITAGE INN, | **1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*) |
| Defendants. | **2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3 |

**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*

**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)

**5th CAUSE OF ACTION:** For Unfair Business Practices in Violation of California Business and Professions Code §17200, *et seq.*

**DEMAND FOR JURY**

Plaintiffs JERRY DORAN, an individual; and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a California
public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of
defendants PITAMBER ENTERPRISES and SARDA P. RATANJEE, individually and dba
BEST WESTERN HERITAGE INN, and allege as follows:

**INTRODUCTION:**

1.     This is a civil rights action for discrimination against persons with physical
disabilities, of which class plaintiff JERRY DORAN and the membership of DREES are
members, for failure to remove architectural barriers structural in nature at defendants'
ANTIOCH HERITAGE INN, a place of public accommodation, thereby discriminatorily
denying plaintiffs and the class of other similarly situated persons with physical disabilities
access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the
goods, facilities, services, and accommodations thereof.  Plaintiffs seek injunctive relief and
damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*;
California Civil Code §§51, 51.5 and 54, *et seq.*; California Health & Safety Code §19955, *et
seq.* and California Business and Professions Code §17200, *et seq.*

2.     Plaintiff JERRY DORAN is a person with physical disabilities who, on or about
June 7, 2002, was an invitee, guest, patron, customer at defendants' ANTIOCH HERITAGE
INN, in the City of Antioch, California.  At said time and place, defendants failed to provide
proper legal access to the ANTIOCH HERITAGE INN, "which is a public accommodation"
and/or a "public facility" including, but not limited to parking, registration and guest rooms. The
denial of access was in violation of both federal and California legal requirements, and plaintiff
JERRY DORAN suffered violation of his civil rights to full and equal access, and was
embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.     **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C.
§1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*
Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   nucleus of operative facts and arising out of the same transactions, are also brought under

2   parallel California law, whose goals are closely tied with the ADA, including but not limited to

3   violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code

4   §19955 *et seq.*, including §19959; Title 24, California Building Standards Code; and California

5   Business and Professions Code §17200, *et seq.*

6      4.     **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

7   founded on the facts that the real property which is the subject of this action is located in this

8   district at/near 3210 Delta Fair Blvd., in the City of Antioch, County of Contra Costa, State of

9   California and that plaintiffs' causes of action arose in this district.

10  **PARTIES:**

11     5.     Plaintiff JERRY DORAN  is a "physically handicapped person," a "physically

12  disabled person," and a "person with physical disabilities."  (Hereinafter the terms "physically

13  disabled," "physically handicapped" and "person with physical disabilities" are used

14  interchangeably, as these words have similar or identical common usage and legal meaning, but

15  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

16  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other

17  statutory measures refer to protection of the rights of "physically disabled persons."  Plaintiff

18  JERRY DORAN is a "person with physical disabilities," as defined by all applicable California

19  and United States laws.  Plaintiff is a paraplegic. Plaintiff JERRY DORAN requires the use of a

20  wheelchair to travel about in public.  Consequently, plaintiff  JERRY DORAN is a member of

21  that portion of the public whose rights are protected by the provisions of Health & Safety Code

22  §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped

23  Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51, 51.5 and 54, *et*

24  *seq.* and California Business and Professions Code §17200, *et seq.*

25     6.     Plaintiff DISABILITY RIGHTS ENFORCEMENT, EDUCATION SERVICES:

26  HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

27  with persons with disabilities to empower them to be independent in American society.  DREES

28  accomplishes its goals and purposes through education on disability issues, enforcement of the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   rights of persons with disabilities, and the provision of services to persons with disabilities, the

2   general public, public agencies and the private business sector.

3        7.      Defendants PITAMBER ENTERPRISES and  SARDA P. RATANJEE

4   (hereinafter alternatively collectively referred to as "defendants") are the owners and operators,

5   lessors and/or lessees, or agents of the owners, lessors and/or lessees, and/or alter egos,

6   franchisors and/or franchisees, of the building and/or buildings which constitute a public facility

7   in and of itself, occupied by the ANTIOCH HERITAGE INN , a public accommodation, located

8   at/near 3210 Delta Fair Blvd., Antioch, California, and subject to the requirements of California

9   state law requiring full and equal access to public facilities pursuant to 1995 of the Health &

10  Safety Code, and §§51, 51.5, 52(a), 54.1 and 54.3 of the Civil Code, and subject to Title III of

11  the Americans with Disabilities Act of 1990, and to all other legal requirements referred to in

12  this complaint.

13       8.      At all times relevant to this complaint, defendants PITAMBER ENTERPRISES

14  and  SARDA P. RATANJEE, are the lessees, or agents of the lessees, and/or lessors, of said

15  premises, and/or alter egos of the lessees, lessors and their agents, and own and operate in joint

16  enterprise the subject ANTIOCH HERITAGE INN as a public facility at/near 3210 Delta Fair

17  Blvd., Antioch, California.  This business is open to the general public and conducts business

18  therein.  The business operating on said premises is a "public accommodation" or "public

19  facility" subject to the requirements of California Civil Code §54, *et seq.*  Plaintiffs do not know

20  the relative responsibilities of each of the defendants in the operation of the facilities herein

21  complained of, and allege a joint venture and common enterprise by all such defendants.

22       9.      At all times relevant to this complaint, defendants PITAMBER ENTERPRISES

23  and  SARDA P. RATANJEE are the landlords/lessors, tenants/lessees and the owners and

24  operators of  the subject ANTIOCH HERITAGE INN, a public facility located at/near 3210

25  Delta Fair Blvd., Antioch, California.  As such, these defendants are jointly and severally

26  responsible to identify and remove architectural barriers pursuant to Code of Federal

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

Regulations title 28, section 36.201(b), which states in pertinent part:

**§ 36.201          General**

>       (b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

10.     Plaintiffs do not know the true names of defendants PITAMBER ENTERPRISES and  SARDA P. RATANJEE, their business capacities, their ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of, and allege a joint venture and common enterprise by all such defendants. Plaintiffs are informed and believe that each of the defendants herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, of each of the other defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.  Plaintiffs will seek leave to amend when the true names, capacities, connections, and responsibilities of defendants PITAMBER ENTERPRISES and SARDA P. RATANJEE, are ascertained.

11.     Plaintiffs are informed and believe that all named defendants conspired to commit the acts described herein, or alternatively, aided and abetted one another in the performance of the wrongful acts hereinafter alleged.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**PRELIMINARY FACTUAL ALLEGATIONS:**

12.     Defendants PITAMBER ENTERPRISES and  SARDA P. RATANJEE  are the private persons and/or entities that are public accommodations that own, lease (or lease to), or operate the ANTIOCH HERITAGE INN, a motel, located at/near 3210 Delta Fair Blvd., Antioch, California.  The ANTIOCH HERITAGE INN, its parking, registration, guest rooms and its other facilities are each a "place of public accommodation or facility" subject to the requirements of the Americans with Disabilities Act and California Health & Safety Code §19955, *et seq.* On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the ANTIOCH HERITAGE INN and each of its facilities, its  parking, registration, guest rooms  to handicapped access requirements per the Americans with Disabilities Act Accessibility Guidelines for Buildings & Facilities (ADAAG), Civil Code §54.1, and §19959, Health & Safety Code.

13.     Plaintiff JERRY DORAN is a person with a disability. Plaintiff JERRY DORAN is a "person with physical disabilities," as defined by all applicable California and United States laws.  Plaintiff JERRY DORAN is a paraplegic.  Plaintiff JERRY DORAN requires the use of wheelchair for mobility and to travel in public.

14.     Plaintiff DISABILITY RIGHTS ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization, the purposes of which are promoting, providing and advocating disability rights, education, independent living, enforcement and services which help provide assistance to persons with disabilities and persons and entities who in turn will help others who have disabilities.

15.     That members of DREES, like plaintiff JERRY DORAN, will or have been guests and invitees at the subject ANTIOCH HERITAGE INN, and that the interests of plaintiff DREES in removing architectural barriers at the subject ANTIOCH HERITAGE INN advance the purposes of DREES to assure that all public accommodations, including the subject ANTIOCH HERITAGE INN, are accessible to independent use by mobility-impaired persons. The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

16.     At all times stated herein, plaintiff JERRY DORAN was a member of DREES.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the ANTIOCH HERITAGE INN as being handicapped accessible and handicapped usable.

18.     On or about June 7, 2002, plaintiff JERRY DORAN was an invitee and guest at the subject ANTIOCH HERITAGE INN for purposes of purchasing a handicapped accessible room for an overnight stay.

19.     On or about June 7, 2002, plaintiff JERRY DORAN upon pulling into the parking lot of the ANTIOCH HERITAGE INN discovered that there was a lack of disabled parking and signage for disabled persons.

20.     At said time and place, plaintiff JERRY DORAN went to the lobby/registration office and found that the registration counter was too high to conduct business from.

21.     On or about June 7, 2002, plaintiff JERRY DORAN was sold an allegedly accessible guestroom for the disabled. In fact, it was not accessible.

22.     At said time and place, plaintiff JERRY DORAN had need to use the shower. However, there was no fixed transfer seat nor were the grab bars in the proper position. Plaintiff JERRY DORAN attempted to transfer onto the bath tub and slipped, bruising his buttocks.

23.     Therefore, at said time and place, plaintiff JERRY DORAN, a person with a disability, encountered the following inaccessible elements of the subject ANTIOCH HERITAGE INN which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

        a.     lack of the requisite number of accessible guest rooms by class of rooms;

        b.     lack of the requisite number of regular disabled parking stall(s);

        c.     lack of disabled van accessible parking stall(s);

        d.     lack of (proper) disabled parking signage;

        e.     lack of an accessible entrance;

        f.     lack of handicapped accessible registration counter;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

g.    lack of an accessible swimming pool;

h.    lack of a reservation policy, practice and procedure to "hold" disabled guest rooms for persons with disabilities before selling said rooms to the general public;

i.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

j.    Plaintiff is informed and believes defendants lack a policy, practice and procedure of having available guest rooms for persons with disabilities. (Plaintiff seeks the implementation of a policy, practice and procedure that handicapped accessible guest rooms will not be sold unless specifically requested or until all other rooms are sold to the general public to ensure the availability of guest rooms to persons with disabilities.

24.    At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

25.    As a legal result of defendants PITAMBER ENTERPRISES and  SARDA P. RATANJEE's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

26.    As a legal result of defendants' actions or omissions as stated herein and defendants' denial of access to plaintiff to all or part of the facilities constituting the public accommodations which comprise the ANTIOCH HERITAGE INN, plaintiff was wrongfully evicted and/or rejected by defendants, and each of them.

27.    As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff JERRY DORAN suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring onto the side of the bathtub, due to defendants failure to identify and remove barriers, failure to remove dangerous conditions plaintiff slipped and was injured as a legal result of defendants' actions or failure to act.), physical discomfort, emotional distress, mental distress,

1   mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,

2   embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated

3   with a person with physical disabilities being denied access, all to his damages as prayed

4   hereinafter in an amount within the jurisdiction of this court.

5        28.     Defendants', and each of their, failure to remove the architectural barriers

6   complained of herein created, at the time of plaintiff JERRY DORAN's first visit to said public

7   accommodation, and continues to create continuous and repeated exposure to substantially the

8   same general harmful conditions which caused plaintiff JERRY DORAN fatigue, stress, strain

9   and pain in futilely attempting to overcome the architectural barriers as stated herein.

10       29.     Plaintiff JERRY DORAN is "physically handicapped," "physically disabled," or a

11  "person with physical disabilities" who was denied his rights to equal access to a public facility

12  by defendants PITAMBER ENTERPRISES and  SARDA P. RATANJEE, because defendants

13  PITAMBER ENTERPRISES and  SARDA P. RATANJEE maintained a public hotel without

14  access for persons with physical disabilities to its facilities, including but not limited to the

15  registration counter, guest rooms, pool area, parking and other public areas as stated herein, and

16  continue to the date of filing this complaint to deny equal access to plaintiffs and other persons

17  with physical disabilities in these and other ways.

18       30.     Plaintiff DREES, whose members and the disability community that DREES

19  serves are "physically handicapped," "physically disabled," or "persons with physical

20  disabilities" and were, are and will be denied their rights to equal access to a public facility by

21  defendants PITAMBER ENTERPRISES and  SARDA P. RATANJEE because defendants

22  PITAMBER ENTERPRISES and  SARDA P. RATANJEE maintained a public hotel without

23  access for persons with physical disabilities to its facilities, including but not limited to the

24  registration counter, guest rooms, pool area, parking and other public areas as stated herein, and

25  continue to the date of filing this complaint to deny equal access to plaintiff and other persons

26  with physical disabilities in these and other ways.

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

31.     On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

32.     Plaintiffs, as described herein below, seek injunctive relief to require the ANTIOCH HERITAGE INN to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the ANTIOCH HERITAGE INN as a public facility.  Plaintiffs seek damages for violation of their civil rights, from June 7, 2002 until such date as defendants bring the motel into compliance with the requirements of California and federal law.  To encourage defendants to bring the ANTIOCH HERITAGE INN  into compliance with the law, plaintiffs also seek daily damages of not less than $4,000/day, pursuant to §§52(a) and 54.3, California Civil Code, for each day after his visit until such time as the ANTIOCH HERITAGE INN  is made fully accessible to plaintiffs and to other persons with physical disabilities.

33.     On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

34.     Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling defendants to make the ANTIOCH HERITAGE INN accessible to persons with disabilities.

35.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at

1  the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and

2  despicable conduct carried out by defendants, and each of them, with a willful and conscious

3  disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify

4  exemplary damages pursuant to §3294 of the Civil Code, in amounts sufficient to make a more

5  profound example of defendants, and each of them,  to other operators of other    hotels, motels,

6  inns and other public facilities, and to punish defendants and to carry out the purposes of §3294

7  of the Civil Code.

8        36.    Plaintiffs are informed and believe and therefore allege that defendants

9  PITAMBER ENTERPRISES and  SARDA P. RATANJEE, and each of them, caused the subject

10  building(s) which constitute the ANTIOCH HERITAGE INN to be constructed, altered and

11  maintained in such a manner that persons with physical disabilities were denied full and equal

12  access to, within and throughout said building(s) of the ANTIOCH HERITAGE INN and were

13  denied full and equal use of said public facilities.  Further, on information and belief, defendants

14  have continued to maintain and operate said inn and/or its building(s) in such conditions up to

15  the present time, despite actual and constructive notice to such defendants that the configuration

16  of the inn and/or its building(s) is in violation of the civil rights of persons with physical

17  disabilities, such as plaintiff JERRY DORAN, the membership of plaintiff DREES and the

18  disability community which DREES serves.  Such construction, modification, ownership,

19  operation, maintenance and practices of such public facilities are in violation of law as stated in

20  Part 5.5, Health & Safety Code §19955-19959, *et seq.* and elsewhere in the laws of California.

21        37.    On information and belief, the subject public facilities and building(s) of

22  ANTIOCH HERITAGE INN denied full and equal access to plaintiffs and other persons with

23  physical disabilities in other respects due to noncompliance with requirements of Title 24 of

24  California Building Standards Code and Health & Safety Code §19955, *et seq.*

25        38.    On personal knowledge, information and belief, the basis of defendants' actual

26  and constructive notice that the physical configuration of the facilities including, but not limited

27  to, architectural barriers constituting the ANTIOCH HERITAGE INN and/or building(s) was in

28  violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  is not limited to, communications with invitees and guests, owners of other restaurants, hotels,

2  motels and businesses, notices they obtained from governmental agencies upon modification,

3  improvement, or substantial repair of the subject premises and other properties owned by these

4  defendants, newspaper articles and trade publications regarding the Americans with Disabilities

5  Act of 1990 and other access laws, public service announcements by former U.S. Attorney

6  General Janet Reno between 1993 and 2000, and other similar information.  Defendants' failure,

7  under state and federal law, to make the inn accessible is further evidence of defendants'

8  conscious disregard for the rights of plaintiff and other similarly situated persons with

9  disabilities.  The scope and means of the knowledge of each defendant is within each defendant's

10 exclusive control and cannot be ascertained except through discovery.  Despite being informed

11 of such effect on plaintiff and other persons with physical disabilities due to the lack of

12 accessible facilities, defendants, and each of them, knowingly and willfully refused to take any

13 steps to rectify the situation and to provide full and equal access for plaintiffs and other persons

14 with physical disabilities to the inn.  Said defendants, and each of them, have continued such

15 practices, in conscious disregard for the rights of plaintiffs and other persons with physical

16 disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants had

17 further actual knowledge of the architectural barriers referred to herein by virtue of the demand

18 letter addressed to the defendants and served concurrently with the summons and complaint.

19 Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons

20 with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and

21 safety of plaintiffs and of other similarly situated persons, justifying the imposition of punitive

22 and exemplary damages per Civil Code §3294.

23      39.     Punitive Damages -- Defendants, and each of them, at times prior to and including

24 June 7, 2002, and continuing to the present time, knew that persons with physical disabilities

25 were denied their rights of equal access to all portions of this public facility.  Despite such

26 knowledge, defendants, and each of them, failed and refused to take steps to comply with the

27 applicable access statutes; and despite knowledge of the resulting problems and denial of civil

28 rights thereby suffered by plaintiffs and other similarly situated persons with disabilities,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   including the specific notices referred to in paragraph 38 of this complaint.  Defendants, and

2   each of them, have failed and refused to take action to grant full and equal access to persons with

3   physical disabilities in the respects complained of herein above.  Defendants, and each of them,

4   have carried out a course of conduct of refusing to respond to, or correct complaints about,

5   denial of handicap access and have refused to comply with their legal obligations to make the

6   ANTIOCH HERITAGE INN accessible pursuant to the Americans with Disabilities Act of 1990,

7   Americans with Disabilities Act Accessibility Guidelines (ADAAG) and Title 24.  Such actions

8   and continuing course of conduct by defendants, and each of them, evidence despicable conduct

9   in conscious disregard for the rights or safety of plaintiffs and of other similarly situated persons,

10  justifying an award of exemplary and punitive damages pursuant to §3294, Civil Code.

11          40.     Defendants', and each of their actions have also been oppressive to persons with

12  physical disabilities and of other members of the public, and have evidenced actual or implied

13  malicious intent toward those members of the public, such as plaintiffs and other persons with

14  physical disabilities who have been denied the proper access they are entitled to by law.  Further,

15  defendants', and each of their refusals on a day-to-day basis to remove the barriers complained

16  of herein evidence despicable conduct in conscious disregard for the rights of plaintiffs and other

17  members of the public with physical disabilities.

18          41.     Plaintiffs pray for an award of punitive damages against defendants, and each of

19  them, pursuant to Civil Code §3294 in an amount sufficient to make a more profound example of

20  defendants and discourage owners and operators of other inns, hotels and motels, and other

21  public facilities, from willful disregard of the rights of persons with physical disabilities.

22  Plaintiffs do not know the financial worth of defendants, or the amount of punitive damages

23  sufficient to accomplish the public purposes of §3294 of the Civil Code and seek leave to amend

24  this complaint when such facts are known.

25          42.     Plaintiff JERRY DORAN and plaintiff DREES, on behalf of its membership and

26  the disability community which it serves, consisting of persons with disabilities, would, could

27  and will return to the subject public accommodation when it is made accessible to persons with

28  disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

I.   **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs JERRY DORAN and DISABILITY RIGHTS ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants PITAMBER ENTERPRISES and  SARDA P. RATANJEE, inclusive)
(42 U.S.C. §12101, *et seq.*)

43.   Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 42 of this complaint.

44.   Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

45.   Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

46.   As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

(7)    PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -

(A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor;

. . .

42 U.S.C. §12181(7)(A)

47.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

48.    The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(i)    the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

49. The removal of the barriers complained of by plaintiffs as herein above alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of the ANTIOCH HERITAGE INN pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

50. Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Further, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

51. On information and belief, construction work on, and modifications of, the subject building(s) of ANTIOCH HERITAGE INN occurred after the compliance date for the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1    Americans with Disabilities Act, January 26, 1992, independently triggering access requirements

2    under Title III of the ADA.

3        52.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

4    *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

5    Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the

6    basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs

7    are about to be subjected to discrimination in violation of §302.  Plaintiffs cannot return to or

8    make use of the public facilities complained of herein so long as the premises and defendants'

9    policies bar full and equal use by persons with physical disabilities.

10       53.    Per 42 U.S.C. 12188 (a)(1), "Nothing in this section shall require a person with a

11   disability to engage in a futile gesture if such person has actual notice that a person or

12   organization covered by this title does not intend to comply with its provisions."  Pursuant to this

13   last section, plaintiff JERRY DORAN has not returned to defendants' premises since on or about

14   June 7, 2002, but on information and belief, alleges that defendants have continued to violate the

15   law and deny the rights of plaintiffs and of other persons with physical disabilities to access this

16   public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of

17   §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

18   facilities readily accessible to and usable by individuals with disabilities to the extent required by

19   this title."

20       54.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights

21   Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

22   the Americans with Disabilities Act of 1990, including but not limited to an order granting

23   injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being

24   deemed to be the prevailing party.

25       55.    Plaintiffs seek damages pursuant to California Civil Code §§51, 51.5 and 52(a),

26   54, 54.1 and 54.3, which provide, within the statutory scheme, that a violation of the ADA is a

27   violation of California's Unruh Civil Rights Act.

28       Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs JERRY DORAN  and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants PITAMBER ENTERPRISES and  SARDA P. RATANJEE, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

56.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 55 of this complaint.

57.    At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

58.    California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

59.    California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Civil Code §54.1(d)

2    60.    Plaintiff JERRY DORAN and the membership of plaintiff DREES are persons

3  within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by

4  the defendants, and each of them, as prescribed by §§54 and 54.1.  A separate act in violation of

5  §§54 and 54.1 has been committed EACH DAY that defendants act or fail to act and/or

6  knowingly and willfully fail and refuse to remove **each** architectural barrier or policy and

7  procedure barrier presently existing at the subject public accommodation which denies full and

8  equal access for persons with physical disabilities to said building(s), elements and facilities of

9  ANTIOCH HERITAGE INN.  Plaintiffs have been denied full and equal access on an ongoing

10  basis since the date of plaintiff JERRY DORAN's first visit. As a legal result, plaintiffs are

11  entitled to seek damages pursuant to California Civil Code §54.3(a), which provides:

12    Any person or persons, firm or corporation, who denies or
      interferes with admittance to or enjoyment of the public facilities
13    as specified in Sections 54 and 54.1 or otherwise interferes with
      the rights of an individual with a disability under Sections 54, 54.1
14    and 54.2 is liable for each offense for the actual damages and any
      amount as may be determined by a jury, or the court sitting without
15    a jury, up to a maximum of three times the amount of actual
      damages but in no case less than . . .one thousand dollars ($1,000)
16    and . . . attorney's fees as may be determined by the court in
      addition thereto, suffered by any person denied any of the rights
17    provided in Sections 54, 54.1 and 54.2.

18    Civil Code §54.3(a)

19    61.    The public facilities above described constitute "public facilities and public

20  accommodations" within the meaning of Health & Safety Code §19955f and were facilities to

21  which members of the public are invited.  The aforementioned acts and omissions of defendants,

22  and each of them, constitute a denial of equal access to use and enjoyment of these facilities by

23  persons with disabilities including plaintiffs.  Said acts and omissions are also in violation of

24  provisions of Title 24 of the California Building Standards Code.

25    62.    On or about June 7, 2002  plaintiff JERRY DORAN suffered violations of §§54

26  and 54.1 of the Civil Code in that plaintiff JERRY DORAN was denied access parking,

27  registration and guest rooms and other public facilities as stated herein at the ANTIOCH

28  HERITAGE INN and on the basis that plaintiff was a person with physical disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

63.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to rights under §§54, 54.1 and 54.3, Civil Code, and plaintiff JERRY DORAN suffered physical discomfort, bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring onto the side of the bathtub, due to defendants failure to identify and remove barriers, failure to remove dangerous conditions plaintiff slipped and was injured as a legal result of defendants' actions or failure to act.), emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, chagrin, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities herein above described on a full and equal basis as other persons.

64.     Plaintiffs have been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or about June 7, 2002, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

65.     As a result of defendants', and each of their, acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of §54.3 of the Civil Code, plaintiffs therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1     Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to

2     plaintiffs, but also to compel the defendants to make their facilities accessible to all members of

3     the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing

4     party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

5        Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

6     **III.**    **THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***

7        (On Behalf of Plaintiffs JERRY DORAN and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a

8        California public benefit corporation and Against Defendants PITAMBER ENTERPRISES and SARDA P. RATANJEE, inclusive)

9        (Health & Safety Code §19955, *et seq.*)

10        66.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

11     the allegations contained in paragraphs 1 through 65 of this complaint.

12        67.     Health & Safety Code §19955 provides in pertinent part:

13        The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the

14        provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part

15        "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general

16        public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.

17        When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be

18        made available for the handicapped.

19        68.     Health & Safety Code §19956, which appears in the same chapter as §19955,

20     provides in pertinent part, "accommodations constructed in this state shall conform to the

21     provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the

22     Government Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is

23     applicable to all public accommodations constructed or altered after that date. On information

24     and belief, portions of ANTIOCH HERITAGE INN and/or of the building(s) were constructed

25     and/or altered after July 1, 1970, and substantial portions of the ANTIOCH HERITAGE INN

26     and/or the building(s) had alterations, structural repairs, and/or additions made to such public

27     accommodations after July 1, 1970, thereby requiring said ANTIOCH HERITAGE INN and/or

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety

2    Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

3          69.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

4    Architect promulgated regulations for the enforcement of these provisions.  Effective July 1,

5    1982, Title 24 of the California Building Standards Code adopted the California State Architect's

6    Regulations and these regulations must be complied with as to any alterations and/or

7    modifications of ANTIOCH HERITAGE INN and/or the building(s) occurring after that date.

8    Construction changes occurring prior to this date but after July 1, 1970 triggered access

9    requirements pursuant to the "ASA" requirements, the American Standards Association

10   Specifications, A117.1-1961.  On information and belief, at the time of the construction and

11   modification of said building, all buildings and facilities covered were required to conform to

12   each of the standards and specifications described in the American Standards Association

13   Specifications and/or those contained in Title 24 of the California Building Standards Code.

14         70.    Public hotels and motels such as the ANTIOCH HERITAGE INN are "public

15   accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

16         71.    As a legal result of denial of access to plaintiffs as herein above described,

17   plaintiff JERRY DORAN suffered bodily and emotional injuries expectedly, normally and

18   naturally associated with a denial of access to parking, registration, guestrooms, and other public

19   areas as stated herein.

20         72.    As a result of the actions and failure to act of defendants, and as a result of the

21   failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were

22   denied plaintiffs' rights to full and equal access to public facilities, suffered a loss of plaintiffs'

23   civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to

24   public facilities, and plaintiff JERRY DORAN further suffered bodily injury (including, but not

25   limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring onto

26   the side of the bathtub, due to defendants failure to identify and remove barriers, failure to

27   remove dangerous conditions plaintiff slipped and was injured as a legal result of defendants'

28   actions or failure to act), emotional distress, mental distress, mental suffering, mental anguish,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   which includes shame, humiliation, embarrassment, anger, chagrin, disappointment and worry

2   expectedly and naturally associated with a person with physical disabilities being denied access,

3   all to plaintiffs' damages as prayed hereinafter in an amount within the jurisdiction of this court.

4       73.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

5   plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

6   plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with

7   physical disabilities and prohibiting discrimination against the persons with physical disabilities,

8   and to take such action both in plaintiffs' own interests and in order to enforce an important right

9   affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all

10  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

11  §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953

12  and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs

13  and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-

14  3(a)).  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing

15  party.

16      74.     Plaintiffs seek injunctive relief for an order compelling defendants, and each of

17  them, to make the subject place of public accommodation readily accessible to and usable by

18  persons with disabilities.

19      75.     Plaintiffs seek damages pursuant to California Civil Code §§52(a) and 54.3.

20      Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

21  **IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
        EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES
22      AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
        SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
23      (On Behalf of Plaintiffs JERRY DORAN and DISABILITY RIGHTS,
        ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a
24      California public benefit corporation, and Against Defendants PITAMBER
        ENTERPRISES and  SARDA P. RATANJEE, inclusive)
25      (Civil Code §51, 51.5)

26      76.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

27  the allegations contained in paragraphs 1 through 75 of this complaint.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

77.   Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

78.   The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24

of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

79.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Further, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."  Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at **¶¶ 43**, *et seq*., as if repled herein.

80.    As a legal result of the violation of plaintiff JERRY DORAN's  civil rights as herein above described, plaintiff JERRY DORAN has suffered general damages, bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring onto the side of the bathtub, due to defendants failure to identify and remove barriers, failure to remove dangerous conditions plaintiff slipped and was injured as a legal result of defendants' actions or failure to act), physical injury, emotional distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs).  Plaintiffs JERRY DORAN and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

Wherefore, plaintiffs pray that this court grant relief and damages as hereinafter stated.

**V.   FIFTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200, ET SEQ.**
(On Behalf of Plaintiffs JERRY DORAN and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants PITAMBER ENTERPRISES and  SARDA P. RATANJEE, inclusive)
(Business & Professions Code §17200, *et seq.*)

81.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 80 of this complaint.

82.     Defendants, and each of them, have had actual and constructive notice of the Americans with Disabilities Act of 1990 and have seen places of public accommodation similar to the public accommodations subject to this action made accessible to persons with disabilities, *i.e.*, public accommodations with accessible parking and parking signage, accessible registration counters, accessible guestrooms and bathrooms within, the requisite number of accessible guest rooms by classification, and accessible swimming pools.

83.     Defendants PITAMBER ENTERPRISES and  SARDA P. RATANJEE, and each of them, and their agents, ostensible agents, masters, servants, employers, employees, representatives, franchisors, franchisees, joint venturers, alter egos, partners and/or associates, although having actual and constructive knowledge of the Americans with Disabilities Act of 1990 and accessible elements of public accommodations, have engaged in an unlawful and unfair business act or practice of the California Business and Professions Code

> 17200.  As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code

> (Calif. Bus. & Prof. Code §17200)

in that defendants, and each of them, have intentionally and/or negligently failed to identify and remove architectural barriers at the subject ANTIOCH HERITAGE INN, thereby denying

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   plaintiffs and those similarly situated from the opportunity to enjoy the goods and services

2   provided therein.

3          84.   Plaintiffs JERRY DORAN and DREES have the right to act as private attorneys

4   general to remedy such acts, as provided in sections 17204 and 17205 of the California Business

5   and Professions Code, to wit:

6              17204.  Actions for any relief pursuant to this chapter shall be
               prosecuted exclusively in a court of competent jurisdiction by the
7              Attorney General or any district attorney or by any county counsel
               authorized by agreement with the district attorney in actions
8              involving violation of a county ordinance, or any city attorney of a
               city, or city and county, having a population in excess of 750,000,
9              and, with the consent of the district attorney, by a city prosecutor
               in any city having a full-time city prosecutor or, with the consent
10             of the district attorney, by a city attorney in any city and county in
               the name of the people of the State of California upon their own
11             complaint or upon the complaint of any board, officer, person,
               corporation or association or by any person acting for the interests
12             of itself, its members or the general public.

13                                              .   .   .

14             17205.  Unless otherwise expressly provided, the remedies or
               penalties provided by this chapter are cumulative to each other and
15             to the remedies or penalties available under all other laws of this
               state.
16
               (Calif. Bus. & Prof. Code §§17204 and 17205)
17

18         Wherefore, plaintiffs pray that this court grant relief and damages as follows:

19  **PRAYER:**

20         Plaintiffs pray that this court award damages and provide relief as follows:

21  **I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
            PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
22          DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
            (On Behalf of Plaintiffs JERRY DORAN and DISABILITY RIGHTS,
23          ENFORCEMENT, EDUCATION SERVICES:HELPING YOU HELP OTHERS, a
            California public benefit corporation, and  Against Defendants PITAMBER
24          ENTERPRISES and  SARDA P. RATANJEE, inclusive)
            (42 U.S.C. §12101, *et seq.*)
25
           1.     For injunctive relief, compelling defendants PITAMBER ENTERPRISES and
26
    SARDA P. RATANJEE, inclusive, to make the ANTIOCH HERITAGE INN, located at 3210
27
    Delta Fair Blvd., Antioch, California, readily accessible to and usable by individuals with
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   disabilities, per Public Law 10 1-336, §308; and to make reasonable modifications in policies,

2   practice, eligibility criteria and procedures so as to afford full access to the goods, services,

3   facilities, privileges, advantages and accommodations being offered.

4       2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

5   the prevailing party; and

6       3.    For such other and further relief as the court may deem proper.

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs JERRY DORAN and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants PITAMBER ENTERPRISES and  SARDA P. RATANJEE, inclusive),
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

    1.    For injunctive relief, compelling defendants PITAMBER ENTERPRISES and

SARDA P. RATANJEE, inclusive, to make the ANTIOCH HERITAGE INN, located at  3210

Delta Fair Blvd., Antioch, California, readily accessible to and usable by individuals with

disabilities, per state law.

    2.    General and compensatory damages according to proof;

    3.    All damages as afforded by Civil Code §54.3 for each day, from the inception of

the filing of this complaint, on which defendants have failed to remove barriers which denied

plaintiffs and other persons with disabilities full and equal access.

    4.    Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil

Procedure §1021.5, if plaintiffs are deemed the prevailing party;

    5.    Punitive damages pursuant to Civil Code §3294;

    6.    For all costs of suit;

    7.    Prejudgment interest pursuant to Civil Code §3291;

    8.    Such other and further relief as the court may deem just and proper.

**III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs JERRY DORAN and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES:HELPING YOU HELP OTHERS, a

California public benefit corporation, and Against Defendants PITAMBER ENTERPRISES and SARDA P. RATANJEE, inclusive)
(Health & Safety code §19955, *et seq.*)

1.    For injunctive relief, compelling defendants PITAMBER ENTERPRISES and SARDA P. RATANJEE, inclusive, to make the ANTIOCH HERITAGE INN, located at 3210 Delta Fair Blvd., Antioch, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    General and compensatory damages according to proof under Civil Code §§52(a) and 54.3;

3.    Special and consequential damages according to proof under Civil Code §§52(a) and 54.3;

4.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

5.    For all costs of suit;

6.    For prejudgment interest pursuant to Civil Code §3291;

7.    Such other and further relief as the court may deem just and proper.

///

///

///

**IV.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs JERRY DORAN and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants PITAMBER ENTERPRISES and SARDA P. RATANJEE, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    General and compensatory damages according to proof;

2.    All damages as afforded by Civil Code §52(a) for each day on which defendants have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges or

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

services in any business establishment or have otherwise denied to plaintiffs and persons with

physical disabilities equal access;

      3.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the

prevailing party;

      4.      Punitive damages pursuant to Civil Code §3294;

      5.      For all costs of suit;

      6.      Prejudgment interest pursuant to Civil Code §3291; and

      7.      Such other and further relief as the court may deem just and proper.

**V.    PRAYER FOR FIFTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200, *ET SEQ.***
(On Behalf of Plaintiffs JERRY DORAN and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants PITAMBER ENTERPRISES and  SARDA P. RATANJEE, inclusive)
(Business & Professions Code §17200, *et seq.*)

      1.      For injunctive relief, compelling defendants PITAMBER ENTERPRISES and

SARDA P. RATANJEE, inclusive, to make the ANTIOCH HERITAGE INN, located at  3210

Delta Fair Blvd., Antioch, California, readily accessible to and usable by individuals with

disabilities, per state law.

///

///

///

      2.      Attorneys' fees pursuant to applicable code if plaintiffs are deemed the prevailing

party.

Dated: May 19, 2003            THOMAS E. FRANKOVICH
                            *A PROFESSIONAL LAW CORPORATION*


                       By:_____/s/_____
                         THOMAS E. FRANKOVICH
                     Attorneys for Plaintiffs JERRY DORAN

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

DISABILITY RIGHTS, ENFORCEMENT, and
EDUCATION SERVICES:HELPING YOU HELP
OTHERS, a California public benefit corporation

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated:May 19, 2003

THOMAS E. FRANKOVICH
*A PROFESSIONAL LAW CORPORATION*

By: _____/s/_____
       THOMAS E. FRANKOVICH
Attorneys for Plaintiffs JERRY DORAN and
DISABILITY RIGHTS, ENFORCEMENT,
EDUCATION SERVICES:HELPING YOU HELP
OTHERS, a California public benefit corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES